IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRAIG M. BRANTLEY,

    Defendant.

No. 07-cr-40016-001-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the prospects of defendant Craig M. Brantley's receiving a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for Brantley, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis. Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 42). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motion (Doc. 43). Brantley did not respond to counsel's motion.

Brantley pled guilty to two counts of distributing less than 5 grams of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Brantley's relevant conduct was at least 5 grams but less than 20 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 24. His offense level was reduced by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility. The Court further found that Brantley was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2007 United States Sentencing Guidelines Manual.

his base offense level to 34, again reduced by 3 to 31 for acceptance of responsibility. Considering Brantley's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 188 to 235 months.  The Court imposed a sentence of 188 months for each count.

Brantley now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).24,

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, the defendant was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 42) and **ORDERS** that counsel be **WITHDRAWN**. The Clerk's Office is **DIRECTED** to mail a copy of this order to defendant Craig M. Brantley, Reg. No. 07414-025, FCI Morgantown, Federal Correctional Institution, P.O. Box 1000, Morgantown, WV 26507.

**IT IS SO ORDERED.**
**DATED:   August 1, 2014.**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**